**UNITED STATES of America,
Plaintiff-Appellee,**

. v.

**Darrow de la HUERTA, Defendant-
Appellant.**

**No. 72–1873.**

United States Court of Appeals,
Ninth Circuit.

Nov. 7, 1972.

Rehearing Denied Dec. 8, 1972.

---

Carlos R. Estrada (argued), of Estrada & Estrada, Phoenix, Ariz., for defendant-appellant.

Sarah Bailey, Asst. U. S. Atty. (argued), William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before DUNIWAY and CARTER, Circuit Judges, and McNICHOLS,* District Judge.

* Honorable Ray McNichols, United States District Judge, District of Idaho, sitting by designation.

1. At oral argument, the government attorney advised the panel that the trial judge

**PER CURIAM:**

Darrow de la Huerta was charged, with two other defendants, in a single count indictment alleging conspiracy to violate 21 U.S.C. § 841(a)(1) (possession of heroin with intent to distribute). Appellant and co-indictee, one Espinoza, entered pleas of not guilty. While each had separate counsel, they were scheduled for a joint trial.

During the first morning of the trial a jury was impaneled, counsel for each defendant participating in the voir dire examination; an opening statement was made on behalf of Espinoza with counsel for appellant reserving his statement; and four government witnesses who testified were subjected to cross-examination by counsel for each defendant.

Following the noon recess, government counsel advised the Court that co-defendant Espinoza would testify for the prosecution. Motion was made to the Court for an order dismissing the conspiracy charge against Espinoza which motion was granted. Espinoza was subjected to a brief examination in the absence of the jury. From the questions asked and answers given it is evident that, on the morning of, and before the commencement of, the trial Espinoza and his attorney met with the Assistant United States Attorney in charge of the case. In return for evidence implicating appellant the government offered to dismiss the conspiracy charge of the indictment against Espinoza and substitute an information charging a misdemeanor. This arrangement, or plea bargain, was tentatively agreed to prior to commencement of the trial. The record is silent as to why it was not implemented until after the luncheon recess.[1]

Subsequent to the heretofore mentioned brief examination of Espinoza, and out of the presence of the jury,

had initially refused to grant the dismissal motion as to Espinoza because of a local rule setting time limits on such motions, however, during the luncheon break he was again approached and granted the motion.

counsel for appellant objected to any evidence by the co-defendant as a government witness. His objection, which was denied, is set out in full:

"This is the first time this has ever happened to me in the middle of a trial where the prosecutor makes a determination to dismiss against one and then use that same party defendant to testify against the other one, the sole survivor. But I would for the record voice this type of tactic is intimidating to the man, puts him in a position where his credibility as a matter of law could be completely disregarded and he should be prohibited from testifying. Furthermore, I would move to dismiss the charges against Darrow de la Huerta at this time for the reason the co-conspirator has been dismissed. If he is dismissed therefore you are dismissing the conspiracy."

The jury returned to the courtroom and were advised by the court:

THE COURT: "Members of the jury, I will tell you that in your absence the United States Attorney has requested that this charge in this indictment as to the defendant Raymond Ortega Espinoza be dismissed and the Court has dismissed the indictment as to that defendant."

Appellant was convicted and subsequently moved unsuccessfully for a new trial. Several grounds were advanced to support the motion for a new trial; the one germane to this appeal was stated as:

"1. . . .

"2. Granting immunity to the co-defendant, Raymond Ortega Espinoza, during the course of the trial and compelling him to testify prejudiced the defendant, in that he was unable to adequately prepare a defense in view of the unexpected nature of the testimony and by the fact that Espinoza testified.

"3. . . . . ."

The lone issue presented in this appeal is concisely stated in appellant's brief:

"1. The sole question presented by this appeal is whether the prearranged dismissal during the trial of an indictment against a co-defendant and the subsequent calling of the former co-defendant as a government witness was violative of the remaining defendants' right to a fair trial."

In appellant's brief, at page 13 thereof, it is stated that Espinoza as the government's key witness sat with appellant and participated in mapping out a common defense. On the same page the following speculative statement appears:

" . . . Therefore in the case before the bar it is *quite possible* that through reliance on the bona fides of their defense he (appellant) was tricked into harmful cooperation with the codefendant." (Emphasis supplied).

If these allegations were supported by the record, we would be inclined toward reversing the judgment appealed from. But, as counsel for appellant conceded at argument, the record is totally silent as to these matters. Neither at trial, nor in his motion for new trial, did appellant advance such contentions.

Appellant argues, however, that the procedure permitted was, as a matter of law, so prejudicial to appellant as to deprive him of a fair trial.

As precedential support for this position appellant relies strongly on a single case decided by the Seventh Circuit over fifty years ago. Heitler v. United States, 244 F. 140 (1917). As contended, *Heitler* does present a somewhat parallel situation, but the hard fact is that in that parallel situation the court in *Heitler* held that there was no prejudice and affirmed the conviction.

■■ Certainly the determination of the co-defendant to testify against the appellant was a devastating blow to the defense. From the record it appears unlikely that the government had any other substantial evidence linking de la Huerta to the conspiracy. However, it cannot be seriously contended that the mere fact that Espinoza was called as a

government witness deprived appellant of his right to be fairly tried. A co-defendant is a competent witness and the fact that such a defendant testified is not, without more, a ground for a mistrial. Hansen v. United States, 326 F.2d 152, 155 (9th Cir. 1963).

We cannot assume prejudice. Appellant suggests only the possibility of prejudice. We hold that there is not here a sufficient demonstration of prejudice to support the contention that appellant was deprived of a fair trial.

We affirm.